IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YESSENIA BOOHER, | : |
|     Plaintiff, | : |
| vs. | : |
| CMS SENIOR CARE INC. d/b/a COMFORCARE SENIOR SERVICES-- LANCASTER and CHRISTOPHER SMITH, | :    Civ. Action No. |
|     Defendants. | :    ***JURY TRIAL DEMANDED*** |

## CIVIL ACTION COMPLAINT

### JURISDICTION

1. This action is brought against defendants, CMS Senior Care Inc. d/b/a ComForCare Senior Services—Lancaster and Christopher Smith, pursuant the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), 29 U.S.C. Section 201, et seq.

### VENUE

2. Venue lies in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391 because defendants maintain a principal place of business in this District of the Commonwealth of Pennsylvania located in this District in Lancaster County.

**FACTS**

3. Plaintiff, Yessenia Booher, is an individual residing at 101 West Franklin Street, Ephrata, PA 17522.

4. Defendant, CMS Senior Care Inc. d/b/a ComForCare Senior Services-- Lancaster (hereinafter "Comforcare"), is a corporation with a principal place of business located at 150 Farmington Lane, Lancaster, PA 17601.

5. Defendant, Christopher Smith (hereinafter "Smith"), is an adult individual who resides at 1742 Stone Hill Drive, York, PA 17402.

6. Defendant Smith is the President, CEO and Owner of defendant Comforcare.

7. Defendants operate a business at 150 Farmington Lane, Lancaster, PA 17601, which is engaged in commerce and has annual gross sales volume in excess of $500,000.00 annually.

8. Defendant Smith is personally liable under the FLSA and WPCL because he was an "employer" as defined under these statutes because, at all times material hereto, he was an officer of the defendant Comforcare and he maintained control over defendant Comforcare's operations and employment practices including but not limited to:

(a) He was the final decision maker on all matters concerning the operation of the company;

(b) He established all of the policies of the company;

[c] He was the policy maker for the company;

(d) He made or participated in every important decision made on behalf the defendant Comforcare and all such decisions required his final approval; and

(e) He formulated all policies related to payroll and wages and he was the decision maker in this matter.

9. Starting in about October 2014, plaintiff began employment with defendants as a Certified Nursing Assistant who worked on site at the client's home. Defendants last employed plaintiff as of April 7, 2016.

10. Since the start of her employment, plaintiff and all of her similarly situated co-workers were paid bi-weekly—every other Friday, by making them available for pick-up at the 150 Farmington Lane, Lancaster, PA 17601 address.

11. On Thursday, April 7, 2016, plaintiff received a call from defendants' agent informing her that unless she provided proof of her automobile insurance defendant would hold her paycheck, which was due the next day, until she did so.

12. Such practice is unlawful pursuant to FLSA because the FLSA compels employers to pay wages or overtime on the regular payment date. See Arroyave v. Rossi, 101708 FED11 at *2 (11th Cir. 2008)(citing Atlantic Co. v. Broughton, 146 F.2d 480, 482 (5th Cir. 1945); U.S. v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 491 (2nd Cir. 1960)(FLSA requires "prompt" payment of

wages); Martin v. Selker Bros., Inc., 949 F.2d 1286, 1299 (3rd Cir. 1991) (liquidated damages available to employees who are not paid when wages are due); Birbalis v. Cuneo Printing Industries, 140 F.2d 826, 828 (7th Cir. 1944)(liquidated damages available for overtime wages not paid at payday); Biggs v. Wilson, 1 F.3d 1537, 1542-43 (9th Cir. 1993)(wages are late if not paid on payday); and Seneca Coal & Coke Co. v. Lofton, 136 F.2d 359, 363 (10th Cir. 1943)(liquidated damages apply where overtime not paid as due in regular course of employment).

12. Plaintiff protested this unlawful threat to not pay wages on the regular payday by informing the said agent and another of defendants' agent named Jalene, that she intended to deliver the proof of insurance, but that she believed that the practice of holding a paycheck past payday to be illegal and asked for proof that defendants could hold back a paycheck for such reasons.

13. The defendants' administrator, Sheila Lucas, thereafter called plaintiff and insisted in a loud tone that defendants could hold her paycheck until she delivers the insurance papers and informed plaintiff "it is our policy."

14. Plaintiff responded that she would deliver the proof of insurance but insisted: "technically you can't hold paycheck for this reason—it's illegal."

15. Ms. Lucas told plaintiff: "I don't have time to deal with this" and hung up the phone on the plaintiff.

16. Plaintiff thereafter called defendant Smith and started to request that he inform Ms. Lucas that the policy of holding paychecks is illegal.

17. Defendant Smith immediately cut plaintiff off and said that he heard the whole conversation between her and Ms. Lucas and insisted: "it is our company policy to hold paychecks and the world does not revolve around you."

18. Plaintiff explained that she has no problem providing the proof of insurance but asked to be shown where she agreed to such a policy because it is "illegal."

19. Defendant Smith became very confrontational and said: "You don't tell me what to do-- I am the boss" and "I don't give a damn" and "I am not an idiot you are only 20 years old."

20. Later that day, Plaintiff requested that her insurance representative fax the insurance info to defendants.

21. Defendants terminated plaintiff as of Thursday, April 7, 2016 for the proffered reason of "insubordination."

22. The defendants' proffered reason for plaintiff's termination is false and mere pretext to mask the true unlawful reason for her termination.

23. The true reason why plaintiff was terminated is because she protested defendant's unlawful practice of holding

employee paychecks past the regular payday and until the employees deliver proof of insurance.

24. This act of retaliation by defendants violated the Section 215(a)(3) of the FLSA, because it was done in response to plaintiff's complaint that defendants' policy of withholding paychecks was an unlawful violation of the FLSA. Vargas v. General Nutrition Centers, Inc., 010611 PAWDC, 10-867 (W.D.Pa. 2011); and *Brock v. Richardson*, 812 F.2d 121, 125 (3d Cir. 1987); Lambert v. Ackerley, 180 F.3d 997, 1007-1008 (9th Cir. 1999) (en banc); Hardwick v. Complete Skycap Servs., No. 05-16422, 2007 U.S.App. LEXIS 17173, *4 (9th Cir. July 11, 2007); Valerio v. Putnam Assocs., Inc., 173 F.3d 35, 44-45 (1st Cir. 1999) and Stubbs v. Ford Motor Co., CA No. 05-923, 2008 U.S. Dist. LEXIS 25459, *18-*20 (W.D. Mo. Mar. 31, 2008).

25. Plaintiff was an hourly employee and was not exempt from the minimum wage and overtime provisions of the FLSA.

26. Plaintiff suffered damages as a result of defendants' unlawful termination of her employment, including but not limited to lost pay and lost fringe benefits.

27. Defendants' violation of the FLSA was done willfully and/or in bad faith, and plaintiff is thus entitled to liquidated damages equal to the actual damages she sustained as a result of her unlawful termination.

28.  Plaintiff also seeks reimbursement of reasonable attorneys fees and costs associated with the prosecution of this matter.

## COUNT ONE

### RETALIATION PURSUANT TO THE FLSA

29.  Plaintiffs reassert and reallege the allegations set forth in paragraphs 1-28 as if they were fully set forth herein.

26.  The defendant violated the FLSA by terminating plaintiff in retaliation for complaining about what was a violation of the FLSA.

WHEREFORE, Plaintiff demands judgment against defendants either jointly, severally or individually, for all damages suffered by plaintiff including lost pay, lost benefits and

other financial losses, liquidated damages and reimbursement of reasonable attorney's fees and costs of suit.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6033
Fax (215) 546-6269
Email: samueldion@aol.com

/s/ Richard B. Bateman, Jr.

Date: April 19, 2016        Richard B. Bateman, Jr., Esq.
21 West Second Street
Suite 300
Media, PA 19063
610-566-3322
Fax: 610-548-9986
Email: batemanlaw@aol.com

Attorneys for Plaintiff